IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
(Fort Wayne Division)

| | |
|---|---|
| Amanda Cerny, Arianny Celeste Lopez, Abigail Ratchford, Alana Marie Souza, Tiffany Toth Gray, and Katarina Van Derham,<br><br>Plaintiffs,<br><br>v.<br><br>B&B Operations, LLC, B&K Property Holdings, LLC, and B&B Property Holdings, LLC, collectively doing business as Club 44,<br><br>Defendants. | Case No. 20cv401<br><br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiffs Amanda Cerny, Arianny Celeste Lopez, Abigail Ratchford, Alana Marie Souza, Tiffany Toth Gray, and Katarina Van Derham (collectively, "Plaintiffs"), by and through their undersigned attorneys, for their Complaint, set forth and allege against B&B Operations, LLC, B&K Property Holdings, LLC, and B&B Property Holdings, LLC (collectively, "Defendants"), collectively doing business as Club 44, as set forth below:

### I. INTRODUCTION

1. This case is about a strip club's unauthorized use of several professional models' images and likenesses in various advertisements to promote the strip club's business interests in violation of the models' rights under federal and state law and for which the models are entitled to damages and injunctive relief.

2. Defendants advertised Defendants' strip club on at least their strip club's social media pages.

1

3. Defendants' advertisements used Plaintiffs' images.

4. Defendants had and have no authorization, consent, permission, or legal authority to use, alter, or otherwise incorporate images of Plaintiffs into Defendants' advertisements for Defendants' strip club, but Defendants did so anyway.

5. Plaintiffs would not choose to advertise or promote Defendants' strip club at all as being affiliated with Defendants' strip club can harm Plaintiffs' reputations and brands and make it more difficult for Plaintiffs to obtain future work of their choosing.

6. Even if Plaintiffs had been willing to allow their images to be used by Defendants – which they were not – Plaintiffs would have been rightfully entitled to payment for Defendants' commercial use of their images.

7. Defendants have not paid Plaintiffs anything despite using Plaintiffs' images in Defendants' advertisements.

8. Defendants' wrongful conduct, as further described and explained below, violates Plaintiffs' rights under the federal Lanham Act, 15 U.S.C. § 1125(a), Plaintiffs' rights under Indiana's statutory protection of the right of publicity, Ind. Code § 32-36-1-0.2 *et seq.*, and Plaintiffs' rights under Indiana common law of unjust enrichment, entitling Plaintiffs to an award of damages, equitable remedies, injunctive relief, costs and attorney's fees, and all such other relief as is just and proper as requested herein.

## II.   PARTIES

### A.   Plaintiffs

9. Plaintiff Amanda Cerny is a professional model and is a resident of Florida.

10. Plaintiff Arianny Celeste Lopez is a professional model and is a resident of California.

11. Plaintiff Abigail Ratchford is a professional model and is a resident of California.

12. Alana Marie Souza, also known as Alana Campos, is a professional model and is a resident of Nevada.

13. Plaintiff Tiffany Toth Gray is a professional model and is a resident of California.

14. Plaintiff Katarina Van Derham is a professional model and is a resident of California.

      B.      The Club and the Defendants

15. Club 44 (the "Club") is a strip club located at 4030 Coldwater Road, Fort Wayne, Indiana 46805, Allen County Indiana.

16. Defendant B&B Operations, LLC ("B&B Operations") is an Indiana domestic limited liability company with a listed principal office address of 505 E Washington Blvd, Fort Wayne, Indiana, 46802.

17. B&B Operation's registered agent is Rotherberg Logan & Warsco, LLP, 505 E Washington Blvd, Fort Wayne, Indiana, 46802.

18. B&B Operations holds a Tobacco Sales Master license # TC12974001 at the Club's location in which B&B is listed as doing business as Club 44.

19. B&B Operations registered the assumed name "Club 44" with the State of Indiana.

20. Defendant B&K Property Holdings, LLC ("B&K Property") is an Indiana domestic limited liability company with a listed principal office address P.O. Box 12012, Fort Wayne, Indiana 46862.

21. B&K Property's registered agent is Rotherberg Logan & Warsco, LLP, 505 E Washington Blvd, Fort Wayne, Indiana, 46802.

22. B&K Property holds a Beer Wine & Liquor – Restaurant (210) license # RR0232627 with Gaming Endorsement license # GR0230536 and Catering license CT0231123 at the Club's location in which B&K is listed as doing business as Club 44.

23. Defendant B&B Property Holdings, LLC ("B&B Property") is an Indiana domestic limited liability company with a listed principal office address P.O. Box 12012, Fort Wayne, Indiana 46862.

24. B&B Property's registered agent is Rotherberg Logan & Warsco, LLP, 505 E Washington Blvd, Fort Wayne, Indiana, 46802.

25. B&B Property is the owner of parcel number 02-07-25-151-002.000-073 corresponding to 4030 Coldwater Road, the location where the Club operates.

26. On information and belief, B&B Property holds a valuable right to a non-conforming use zoning exception allowing operation of a sexually oriented business otherwise prohibited under applicable zoning law integral to the operation of the Club, purchased the Liquor License No. # RR0212394 at auction from the former owner and operator of a prior adult entertainment establishment at what is now the location of the Club with the intention of using the License and operating a like business at the same premises, had applied for a special use for non-conforming use to allow an expansion of a sexually oriented busines on behalf of the Club, has provided a recorded written commitment regarding operation of the Club, and owns signage and other advertising material promoting the Club.

27. Based on the foregoing, on information and belief, Defendant B&B Operations, Defendant B&K Property, and Defendant B&B Property are jointly and collectively doing business as the Club and are ultimately responsible for all the activities of the Club including the Club's advertising activities.

### III.   JURISDICTION AND VENUE

28. This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiffs allege violations of the federal Lanham Act, 15 U.S.C. §1125, *et seq*.

29. Venue is proper in this Court in the Fort Wayne division under 28 U.S.C. § 1391 because Defendant is located in this judicial district and division and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district and division.

### IV.     FACTUAL ALLEGATIONS

**A.     A Model's Reputation Impacts the Commercial Value of Their Images and Likenesses**

30. Each Plaintiff is, and at all times mentioned herein was, a professional model who earns compensation by, among other things, commercializing her identity, image, likeness, and advertising ideas for many business endeavors, including the advertisement and promotion of products and services through negotiated, arms-length transactions with reputable commercial brands and companies.

31. A model's reputation directly impacts the commercial value associated with the use of their image, likeness, or identity to promote a product or service.

32. As such, a model has the right to control the commercial exploitation of their name, image, likeness, and advertising ideas.

33. Each Plaintiff expended and continues to expend substantial effort, resources, and time in building and protecting their reputation in the modeling industry.

34. Each Plaintiff carefully considers the reputation, brand, and type of good or service advertised by any potential client prior to authorizing the use of their image or likeness.

35. Each Plaintiff's career in modeling has substantial value derived from the goodwill and reputation each has built.

36. Each Plaintiff commands substantial sums of money for the licensed commercial use of their image and likeness.

37. Unauthorized use of each Plaintiff's image or likeness can diminish and disparage the goodwill and reputation each Plaintiff has built and the amount of compensation each Plaintiff can command for the licensed or authorized use of each Plaintiffs' image and likeness or for each Plaintiff's advertising ideas containing each Plaintiff's image and likeness.

38. As such, Plaintiffs must vigorously defend against unauthorized use of their image and likeness by third parties like Defendants that choose to steal Plaintiffs' images for use in Defendants' own advertisements for Defendants' Club without payment or consent, fraudulently representing to the public that Plaintiffs endorse, approve, or agreed to advertise Defendants' Club, and thereby devaluing, disparaging, defaming, and causing confusion with respect to Plaintiffs' modeling work product.

    **B.**    **Defendants Used Plaintiffs' Images and Likenesses to Promote Defendants' Business Interests**

39. Defendants collectively own, operate, and control, or, in the alternative, are ultimately responsible for, various social media accounts, including the Club's Facebook and Instagram accounts, through which Defendants promoted, advertised, and marketed the Club, solicited customers for the Club, and published endorsements of the Club.

40. Defendants have, and at all times mentioned herein had, authority to control their own use of social media to promote their Club.

41. Defendants are responsible for all content on the Club's social media accounts to the extent published by or on behalf of Defendants either directly or through Defendants' agents, including but not limited to any employees or other affiliates of the Club that posted and/or maintained social media advertising for the Club.

42. Defendants misappropriated Plaintiffs' photographs, images, likenesses, and distinctive appearances in advertising materials published by or for Defendants on the Club's social media

6

accounts in order to market, promote, and advertise the Club, all without consent, authorization, or legal right.

43. Indeed, by using Plaintiffs' images in Defendants' advertisements for the Club on Defendants' social media accounts, Defendants fraudulently represented to the public that Plaintiffs endorse, are affiliated with, or agreed to advertise the Club.

44. Attached as exhibits 1-6 hereto are screenshots of a sampling of Defendants' uses of Plaintiffs' images and likenesses in advertisements on the Club's social media accounts.

45. As of November 2020, unauthorized uses of the image or likeness of Plaintiffs remained on Defendants' social media accounts.

46. In the examples of advertisements including the images and likenesses of Plaintiffs attached as exhibits hereto, Plaintiffs are readily identifiable in that persons seeing the advertisements with the naked eye can reasonably determine that the persons depicted include Plaintiffs.

47. By placing Plaintiffs' images and likenesses on Defendants' social media under or next to the Club's name, Defendants convey and reasonably suggest, falsely and fraudulently, that Plaintiffs endorse the Club, are affiliated with the Club, participated in the Club, sponsor the Club, or agreed to advertise for the Club.

48. Defendants' use of Plaintiffs' images and likenesses was for a commercial purpose and for Defendants' commercial benefit.

49. Defendants used the advertisements containing Plaintiffs' images to drive traffic to the Club and increase Defendants' revenue.

50. Defendants had and have no right, consent, authority, license, or authorization to use any of Plaintiffs' images in Defendants' commercial advertisements.

51. Defendants knew or should have known that they had no right to use Plaintiffs images in commercial advertisements making Defendants' unauthorized use of Plaintiffs' images and likenesses knowing, willful, and intentional.

    **C.    Defendants' Unauthorized Use of Plaintiffs' Images and Likenesses Harmed and Damaged Plaintiffs**

52. In prior instances of authorized commercial marketing and use of Plaintiffs' images, likenesses, or identities by third parties, Plaintiffs negotiated and expressly granted authority for such use pursuant to various terms and conditions and for agreed upon compensation.

53. Defendants never hired or contracted with any of Plaintiffs to advertise, promote, market, endorse, or participate in the Club.

54. Defendants never sought Plaintiffs' permission to use any of Plaintiffs' images to advertise and promote the Club, or for any other purpose.

55. Defendants did not and do not have Plaintiffs' prior written authorization to use any aspect of Plaintiffs' personality.

56. Plaintiffs never gave Defendants permission to use Plaintiffs' images or likenesses, nor did Plaintiffs otherwise authorize, license, assign, or grant Defendants any right to use Plaintiffs' images or likenesses for commercial purposes.

57. Defendants never compensated Plaintiffs for any use of any of Plaintiffs' images or likenesses.

58. Defendants' unauthorized use of Plaintiffs' images was and is misleading, confusing, and fraudulent.

59. Defendants misappropriated Plaintiffs' images and identities in total disregard of Plaintiffs' rights.

60. As a direct and proximate result of Defendants' exploitation of Plaintiffs' images and identities, Defendants made profits or gross revenues in an amount to be established at trial.

61. Plaintiffs have been damaged as a direct and proximate result of Defendants' unauthorized use of Plaintiffs' images and likenesses for commercial purposes, as Plaintiffs have been deprived of the fair market value compensation they could have otherwise received for the commercial use of their images and likenesses if they had been willing to license same to the Club – which they were not – resulting in damages, the total amount of which will be established by proof at trial.

62. Plaintiffs have further been damaged as a direct and proximate result of Defendants' unauthorized use, as such use causes Plaintiffs to lose Plaintiffs' exclusive right to control the commercial exploitation of Plaintiffs' images and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

63. Plaintiffs have further been damaged as a direct and proximate result of Defendants' unauthorized use, as such use is detrimental to the value Plaintiffs could otherwise obtain in commercializing Plaintiffs' images and likenesses, or Plaintiffs' advertising ideas containing Plaintiffs' images and likenesses, resulting in damages, the total amount of which will be established by proof at trial.

V.  **CLAIMS FOR RELIEF**

**COUNT I**
**Violations of the Lanham Act, 15 U.S.C. §1125(a) *et seq.* by**
**False Endorsement, Unfair Competition, and/or False Advertising**

64. Plaintiffs re-state and re-allege paragraphs 1 through 63 above and incorporate the same be reference as though fully set forth herein.

65. Each Plaintiff brings this claim against each Defendant.

66. The Lanham Act, 15 U.S.C. § 1125(a)(1), provides in part:

> Any person who, on or in connection with any goods or services … uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which –
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).

67. Defendants are liable to Plaintiffs for false endorsement, unfair competition, and/or false advertising violations of the Lanham Act, 15 U.S.C. § 1125(a)(1).

68. Plaintiffs, through their careers in modeling and otherwise, have all attained a degree of fame and celebrity.

69. Each Plaintiff enjoys a substantial social media following and/or has appeared in numerous publications, shows, productions, or paid appearances.

70. Each Plaintiff earns or has earned compensation by commercializing their identity for use by reputable brands and services through arms-length negotiated transactions.

71. Each Plaintiff possesses a valid and protectable mark in the form of their persona, image, likeness, and identity.

72. Each Plaintiff has possessed, maintained, and safeguarded their exclusive right to control the use of their persona, image, likeness, and identity.

73. Prior to authorizing the use of their image, likeness, or identity, each Plaintiff carefully considers the reputation of the potential client and the good or service being promoted.

74. Plaintiffs did not authorize Defendants' use of Plaintiffs images nor did Plaintiffs grant anyone else authority to authorize Defendants' use of their images.

75. Defendants are responsible for the placement of Plaintiffs' images and likenesses on or in advertisements promoting the Club without consent, license, authorization, or legal right.

76. Defendants' unauthorized uses of Plaintiffs' images and likenesses is ongoing and continuing as of the date of this Complaint.

77. In Defendants' advertisements that contain Plaintiffs' images and likenesses, Plaintiffs are depicted and readily identifiable.

78. Defendants misappropriated Plaintiffs' images and likenesses in Defendants' advertisements for the Club in order to create the false impression that Plaintiffs are somehow affiliated with, have endorsed, promoted, agreed to advertise, or otherwise participated in the Club.

79. Defendants never sought Plaintiffs' consent to use Plaintiffs' images or likeness.

80. Plaintiffs have never been employed by, performed at, danced at, or affiliated themselves in any way with the Club or Defendants.

81. Plaintiffs would not agree to allow their images or likenesses to be used to promote the Club and would not and do not endorse the Club.

82. Defendants placed the misappropriated images on some of the very same social media marketing channels used by Plaintiffs to promote themselves.

83. Defendants' misappropriation of Plaintiffs' images is likely to cause confusion as to Plaintiffs' affiliation with, sponsorship of, endorsement of, agreement to advertise or promote, and/or participation in the Club.

84. On information and belief, Defendants' misappropriation has caused actual confusion among consumers as to Plaintiffs' affiliation with, endorsement of, agreement to advertise or promote, and/or participation in the Club.

85. Defendants knew or should have known that they had no right to use Plaintiffs' images or likenesses to promote or advertise the Club.

86. Defendants knew or should have known that obtaining the right to use Plaintiffs' images and likenesses would have required consent and substantial compensation.

87. Defendants' unauthorized use of Plaintiffs' images and likenesses without seeking their consent under these circumstances constitutes willful and deliberate conduct.

88. As a direct and proximate result of Defendants' actions as described herein, Defendants created the false impression that Plaintiffs were affiliated with, performed at, endorsed, or otherwise promoted the Club.

89. As a direct and proximate result of Defendants' actions as described herein, Defendants enjoyed increased revenues and profits subject to disgorgement to Plaintiffs as damages.

90. As direct and proximate result of Defendants' actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market value compensation Plaintiffs would have otherwise received for the authorized use of their images and likenesses and harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

91. Based on the foregoing, Plaintiffs demand judgment against Defendants and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

## COUNT II
## Violations of Ind. Code § 32-36-1-0.2 *et seq*.
## Statutory Violation of Plaintiffs' of Right of Publicity

92. Plaintiffs re-state and re-allege paragraphs 1 through 63 above and incorporate the same by reference as though fully set forth herein.

93. Each Plaintiff brings this claim against each Defendant.

94. Indiana's right of publicity statute, Ind. Code § 32-36-1-8(a), provides that "a person may not use an aspect of a personality's right of publicity for a commercial purpose during the personality's lifetime or for one hundred (100) years after the date of the personality's death without having obtained previous written consent."

95. Plaintiffs' photographs, images, likenesses, and distinctive appearances are aspects of each Plaintiffs' personality.

96. Plaintiffs are living persons.

97. Plaintiffs' photographs, images, likenesses, and distinctive appearances have commercial value.

98. Defendants used aspects each Plaintiffs' personality for a commercial purpose in Indiana by using Plaintiffs' images and likenesses in advertisements for Defendants' Club in Indiana posted by or on behalf of Defendants on the Club's social media pages so that Defendants could profit from patronage of the Club in Indiana as described in detail above.

99. Defendants have not obtained each Plaintiff's written consent to use any Plaintiffs' image, likeness, or distinctive appearance, or any other aspect of Plaintiffs' personality.

100. Defendants lack any other authorization, license, or legal right to exploit Plaintiffs' images or likenesses for any commercial purpose.

101. Defendants' advertisements containing Plaintiffs' images convey or reasonably suggest that Plaintiffs endorse the Club and/or its activities.

102. Defendants did not use any Plaintiffs' image or likeness in literary works, theatrical works, musical compositions, film, radio or television programs, material that has political or newsworthy value, original works of fine art, in advertising that is incidental to such uses, or in connection with broadcast or reporting of an event or a topic of general or public interest.

103. Rather, Defendants used each Plaintiffs' image and likeness for the purpose of commercially advertising Defendants' Club.

104. Indeed, Defendants directly appropriated each Plaintiffs' identity in Defendants' advertisements for the Club.

105. As such, Defendants invaded Plaintiffs' statutory rights of publicity through the acts set forth above and herein.

106. As a direct and proximate result of Defendants' actions as described herein, Defendants enjoyed increased revenues and profits.

107. Defendants knew or should have known that obtaining the right to use Plaintiffs' images and likenesses would have required consent and substantial compensation.

108. Defendants' unauthorized use of Plaintiffs' images and likenesses without seeking their consent under these circumstances constitutes knowing, willful, or intentional conduct.

109. As direct and proximate result of Defendants' actions as described herein, Plaintiffs suffered actual damages including but not limited to being deprived of the fair market

value compensation Plaintiffs would have otherwise received for the authorized use of their images and likenesses as well as harm to Plaintiffs' goodwill and reputation, all in an amount to be established at trial.

110. Based on the foregoing, Defendants are further liable to Plaintiffs for alternative statutory damages, treble or punitive damages, injunctive relief, and reasonable attorney's fees, costs, and expenses.

111. Based on the foregoing, Plaintiffs demand judgment against Defendants and entry of an order awarding Plaintiffs damages, injunctive relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

## COUNT III
### Unjust Enrichment

112. Plaintiffs re-state and re-allege paragraphs 1 through 63 above and incorporate the same by reference as though fully set forth herein.

113. Each Plaintiff brings this claim against each Defendant.

114. As previously alleged, Defendants used Plaintiffs' misappropriated images and likenesses to advertise and promote Defendants' Club, thereby driving customers, business, and revenue to Defendants.

115. Accordingly, Plaintiffs conferred a benefit on Defendants.

116. Defendants knew or should have known that they benefited from the use of Plaintiffs' images as is evident from the fact that Defendants posted Plaintiffs' images to promote and advertise Defendants' Club.

117. Nonetheless, although Defendants are in the adult entertainment business and knew or should have known of the standard negotiation process over the terms of use, conditions of release, licensing issues, and other contractual incidences related to the use and exploitation of a

professional model's image and likeness for commercial benefit, Defendants retained the benefits of using Plaintiffs' images and likenesses without compensating Plaintiffs.

118. Moreover, Defendants circumvented the appropriate licensing and negotiating process, thereby avoiding payment to Plaintiffs, the cost of photoshoots, payments to Plaintiffs' agents or agencies, and the costs of licensing, totaling a substantial sum of money and resulting in a windfall for Defendants.

119. Defendants' unauthorized use and alteration of Plaintiffs' images and likenesses has and will continue to directly and proximately cause harm and damage to Plaintiffs, their reputations, and their brands by attributing to Plaintiffs a false association with, involvement with, or endorsement of the Club.

120. As a direct and proximate result of Defendants' actions, Defendants have damaged Plaintiffs by failing to compensate them for the value of each misappropriated use of their likeness and associating them with Defendants' Club without Plaintiffs' consent.

121. As a direct and proximate result of the benefit Plaintiffs conferred on Defendants, Defendants have earned and continue to earn and withhold profits attributable directly or indirectly to the unlawful use of Plaintiffs' images, entitling Plaintiffs to a disgorgement of those ill-gotten gains as remuneration.

122. Based on the foregoing, Plaintiffs demand judgment against Defendants and entry of an order awarding Plaintiffs damages, injunctive relief, equitable relief, costs, attorney's fees, and all other such other and further relief as to this Court seem just, proper, and equitable.

## VI.     DEMAND FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully pray for judgment against each Defendant on each of the claims listed above as follows:

1. For actual, consequential, and incidental damages in an amount to be proven at trial;

2. For the amount due, owing, and unpaid to Plaintiffs representing the fair market value compensation Plaintiffs would have otherwise received for uses of Plaintiffs' images and likenesses;

3. For trebling of damages and statutory damages as permitted by law;

4. For punitive damages in an amount to be proven at trial as permitted by law or equity;

5. For prejudgment interest in an amount permitted by law;

6. For disgorgement of Defendants' profits;

7. For a permanent injunction barring Defendants' use of Plaintiffs' images or likenesses in advertisements or other promotional material for the Club, including but not limited to an order requiring Defendants to remove all uses of Plaintiffs' images and likenesses from Defendants' Club's social media accounts;

8. For costs of this lawsuit;

9. For reasonable attorneys' fees; and

10. For all such other and further relief as to this Court seem just, proper and equitable.

### VII.    JURY DEMAND

Plaintiffs hereby demand trial by jury as to all issues so triable in the above matter.

Dated: November 10, 2020            Respectfully submitted,

/s/ Edmund S. Aronowitz

Edmund S. Aronowitz
ARONOWITZ LAW FIRM PLLC
2609 Crooks Road #290
Troy, Michigan 48084
Telephone: (248) 716-5421
Facsimile: (248) 419-1032
edmund@aronowitzlawfirm.com
*Attorney for Plaintiffs*

Brad A. Catlin
PRICE WAICUKAUSKI JOVEN & CATLIN, LLC
301 Massachusetts Avenue
Indianapolis, Indiana 42604
Telephone: (317) 633-8787
bcatlin@price-law.com
*Attorney for Plaintiffs*